891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio ROMAN-PASILLAZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70127.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1989.*
Decided Dec. 4, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Antonio Roman-Pasillaz ("Pasillaz"), a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") final order dismissing his appeal and affirming the Immigration Judge's ("IJ") decision finding him deportable and otherwise not entitled to relief under § 212(c) of the Immigration and Nationality Act (the "Act"). We affirm.
 
 DISCUSSION
 I. Finding of Deportability
 
 3
 For the first time on appeal, Pasillaz challenges the IJ's finding of deportability under section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11). Absent overriding circumstances, failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust available administrative remedies with respect to that question. Vargas v. United States Dep't of Immigration & Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987). Therefore, this court lacks jurisdiction to hear this issue on appeal. See id. at 908.
 
 II. Section 212(c) Waiver
 
 4
 Section 212(c), 8 U.S.C. § 1182(c), provides that an order of deportation may be waived if the alien has permanently resided in the United States for seven consecutive years. Although Pasillaz qualifies for relief under section 212(c), the BIA determined after "balancing the equities" that he was not entitled to its benefit. An administrative denial of relief from deportation under section 212(c) is reviewed for abuse of discretion. INS v. Abudu, 108 S.Ct. 904, 912 (1988).
 
 
 5
 In determining whether an alien merits a favorable exercise of discretion, "[t]he immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of section 212(c) relief appears in the best interests of this country." Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). In addition, where the alien has been convicted of a serious drug offense, the alien must show "unusual or outstanding equities" and evidence of rehabilitation in order to justify section 212(c) relief. Id. at 585.
 
 
 6
 The BIA determined that Pasillaz' drug addiction in combination with his drug-related convictions required that he show outstanding or unusual equities "before a favorable exercise of discretion would even be considered." While finding that Pasillaz' case warranted consideration as to whether to exercise favorable discretion, the BIA held after balancing all of the equities that relief was not warranted. The BIA's conclusion does not represent an abuse of discretion.
 
 
 7
 While he and his family have resided in the United States for many years, Pasillaz' repeated attempts at drug rehabilitation have consistently failed. Pasillaz' drug addiction has been a major factor in contributing to his criminal activity, his unstable work history, and his separation from his family. Moreover, Pasillaz does not appear to participate in any meaningful way in his community. As the BIA noted, "[w]hile his deportation may well involve hardship to himself, the responsibility for this result rests with [Pasillaz] alone." Accordingly, we affirm the BIA's conclusion that Pasillaz has not established that he merits section 212(c) relief.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3