993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilberto Santos PANDURO-CHANCHABI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70453.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 10, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilberto Santos Panduro Chanchabi (Panduro) seeks review of the decision of the Board of Immigration Appeals (BIA) denying him discretionary relief from deportation pursuant to 8 U.S.C. section 1182(c). Because we find the BIA reviewed the administrative record de novo and supported its conclusion with a reasoned explanation based upon legitimate concerns, we affirm.
 
 I.
 
 3
 Panduro is a 34-year-old native and citizen of Peru who was admitted to the United States on January 15, 1976, as a nonimmigrant visitor for pleasure. He was permitted to change his status to that of nonimmigrant student on July 29, 1976. On January 7, 1981, Panduro received lawful permanent resident status by virtue of his marriage to an American citizen.
 
 
 4
 On December 16, 1987, Panduro was convicted of possession of cocaine with intent to distribute. He was sentenced to three years' imprisonment. Based on this conviction, the Immigration and Naturalization Service issued an order directing Panduro to show cause why he should not be deported from the United States.
 
 
 5
 At his deportation hearing, Panduro conceded deportability. He applied for relief from deportation under 8 U.S.C. section 1182(c). The immigration judge (IJ) denied his application and the BIA dismissed his appeal. We have jurisdiction over this appeal pursuant to 8 U.S.C. section 1105a(a).
 
 II.
 
 6
 Panduro first argues that his due process rights were violated because the IJ was biased against him. The IJ had previously heard the deportation hearing of Valdemar Contreras, Panduro's codefendant at his criminal trial. Panduro contends that this experience caused the IJ to prejudge his case. As support for this assertion, Panduro refers to the IJ's characterization of Panduro as a "high-living critical link in the drug connection between Los Angeles and Anchorage," Appellant's Brief at 15, and the IJ's repeated questions concerning the legitimacy of Panduro's first marriage.
 
 
 7
 We find nothing in the administrative record to suggest the IJ was biased against Panduro. In any event, our "review is limited to the decision of the BIA...." Elnager v. United States Immigration and Naturalization Serv., 930 F.2d 784, 787 (9th Cir.1991). Because the BIA conducted a de novo review, any bias the IJ might have had against Panduro was harmless. Id. (once the BIA conducts a de novo review, errors made by the IJ may be rendered harmless).
 
 III.
 
 8
 Panduro next argues the BIA erred in finding that he had failed to demonstrate unusual and outstanding equities warranting a grant of relief pursuant to 8 U.S.C. section 1182(c). Essentially, he contends that the BIA did not accord proper weight to factors supporting a grant of discretionary relief, including Panduro's substantial family ties in this country, his long period of residence here, his record of steady employment, and his progress toward rehabilitation. We review BIA decisions denying discretionary relief from deportation for abuse of discretion. Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). We will "set aside a BIA decision to deny ... relief only if the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 9
 In the case at bar, the BIA denied waiver of deportation because, after balancing the factors favoring deportation against the factors favoring waiver, it concluded the exercise of its discretionary power was unwarranted. The BIA carefully considered evidence of Panduro's rehabilitation, the fact that he had been a model prisoner, that he had worked steadily and owned his own business before his arrest, and that he has two daughters in this country whom he has financially supported whenever able. The Board found, however, that these positive factors were outweighed by the seriousness of the crime of which he was convicted. The Board reasoned that Panduro
 
 
 10
 was involved in distributing a dangerous and extremely addicting drug to satisfy his own addiction and for his own monetary gain, without regard for the resulting harm to the community. The tragic consequences of drug abuse to this country both in terms of increased violence and crime, as well as lost human potential, are well documented. The nature of the respondent's crime in this case therefore carries the heavier negative weight in the discretionary balancing for section [1182] (c) relief.
 
 
 11
 AR at 10-11. "The BIA [thus] supported its conclusion to deny relief with a reasoned explanation based on legitimate concerns. It did not abuse its discretion in denying waiver of deportation." Vargas, 831 F.2d at 909.
 
 
 12
 The decision of the BIA denying Panduro's request for a waiver of deportation is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3