50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Refugio REYES-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70520.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Refugio Reyes-Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c).
 
 
 3
 In his petition to this court, Reyes-Martinez contends that the BIA erred by finding that he failed to demonstrate "outstanding and unusual" equities. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 Reyes-Martinez was admitted to the United States as a lawful permanent resident in 1978, when he was twenty-five years old.
 
 
 6
 In 1989, he was convicted, after a jury trial, of one count of transportation of heroin and one count of possession of heroin for sale, in violation of Cal. Health & Safety Code Secs. 11351 and 11352.
 
 
 7
 In May 1991, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC"), charging Reyes-Martinez with being a deportable alien pursuant to INA Sec. 241(a)(11), 8 U.S.C. Sec. 1251(a)(11), based on his having been convicted of a law relating to a controlled substance. In June 1991, the INS issued an additional charge of deportability pursuant to INA Sec. 241(a)(2)(A)(iii), 8 U.S.C. Sec. 1251(a)(2)(A)-(iii), based on his conviction of an aggravated felony.
 
 
 8
 At a deportation hearing on July 19, 1991, Reyes-Martinez denied his culpability for the crimes for which he was charged and convicted. Nonetheless, the INS submitted a record of Reyes-Martinez's criminal conviction, and the IJ found that Reyes-Martinez was deportable as charged in the OSC. Reyes-Martinez then requested a section 212(c) waiver of deportation and a hearing was held on the request. On July 22, 1991, the IJ denied Reyes-Martinez's request, finding that Reyes-Martinez failed to demonstrate unusual or outstanding equities.
 
 
 9
 On appeal to the BIA, Reyes-Martinez contended that the IJ erred by, inter alia, finding that he failed to demonstrate unusual or outstanding equities. The BIA affirmed the IJ's decision, finding upon its review of the record that the IJ was correct in determining that Reyes-Martinez's equities did not rise to the level of unusual or outstanding. In addition, the BIA found that it was not error for the IJ to fail to consider rehabilitation in Reyes-Martinez's case where there was little or no evidence presented that he had been rehabilitated.
 
 II
 Standard of Review
 
 10
 We review the BIA's fact-finding to see if it is supported by substantial evidence, and the balancing of equities for section 212(c) relief for an abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 III
 Merits
 
 11
 Reyes-Martinez contends that the BIA erred by finding that he failed to demonstrate outstanding or unusual equities. This contention lacks merit.
 
 
 12
 In deciding whether an alien merits relief under section 212(c), the BIA must take into account the social and humane considerations presented in the alien's favor and balance them against evidence of the alien's undesirability as a permanent resident.[1] Yepes-Prado, 10 F.3d at 1365-66. An applicant seeking 212(c) relief carries the burden of establishing his or her eligibility for discretionary relief. Matter of Marin, 16 I. & N. Dec. 581, 584 (BIA 1978). In addition, applicants for discretionary relief who have been convicted of serious drug offenses, particularly trafficking, must demonstrate unusual or outstanding equities.[2] See id. at 586 n. 4.
 
 
 13
 Here, the BIA noted Reyes-Martinez's equities, including his lengthy residence in this country, his family ties, and his employment history. The BIA found, however, that the following factors supported the IJ's determination that Reyes-Martinez's equities did not rise to the level of unusual or outstanding: Reyes-Martinez's involvement in the sale of heroin, his failure to acknowledge his culpability for his crimes, his failure to give any credible account of the $2,600 found hidden under the mattress of the bed in his apartment when the police searched it after his arrest in 1989, his failure to present any evidence of efforts to inform himself, while in prison, about the destructive effect of drugs on society, and his failure to make any effort to obtain employment after his release from prison, almost two months prior to the immigration hearing.
 
 
 14
 Because the BIA supported its conclusion with "a reasoned explanation based upon legitimate concerns," see Ayala-Chavez, 944 F.2d at 642, we will not set aside the BIA's denial of section 212(c) relief.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA has set out factors which it will consider in making its equitable determination. Yepes-Prado, 10 F.3d at 1366. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicant's bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id
 
 
 [2]
 We have reviewed the BIA's outstanding equities standard and held that it is "rationally based upon the [INA]'s manifest concern with drug activity by lawful permanent residents" and, thus, permissible. Ayala-Chavez, 944 F.2d at 641