57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Guilivaldo Ibarra MURRIETA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70007.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Agv-pov-meu.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guilivaldo Ibarra Murrieta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c).
 
 
 3
 In his petition to this court, Murrieta contends that the BIA abused its discretion by failing to properly consider the favorable equities presented by him in his section 212(c) application. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 Murrieta was admitted to the United States as a lawful permanent resident in 1968, when he was seven years old.
 
 
 6
 In 1980, he was convicted, after a plea of guilty, of robbery, in violation of Cal.Penal Code Sec. 211, and sentenced to a term of 270 days' imprisonment and three years' probation. In 1982, he was again convicted, after a plea of guilty, of robbery, in violation of Cal.Penal Code Sec. 211, and sentenced to a term of two years' imprisonment. In 1984, he was convicted, after a plea of guilty, of unlawful use and being under the influence of heroin, in violation of Cal.Health & Safety Code Sec. 11550(a), for which he received a suspended term of imprisonment and three years' probation. In 1985, he was convicted, after a plea of guilty, of two counts of Burglary in the First Degree, in violation of Cal.Penal Code Sec. 459, and sentenced to a term of fourteen years' imprisonment. Murrieta served approximately eight years for his 1985 conviction before being transferred to Immigration and Naturalization Service ("INS") custody.
 
 
 7
 In May 1993, the INS issued Murrieta an Order to Show Cause ("OSC"), charging him with being a deportable alien pursuant to INA Sec. 241(a)(2)(B)(i), 8 U.S.C. Sec. 1251(a)(2)(B)(i), based on his having been convicted of a law relating to a controlled substance, and INA Sec. 241(a)(2)(A)(ii), 8 U.S.C. Sec. 1251(a)(2)(A)(ii), based on his conviction for two crimes of moral turpitude.
 
 
 8
 At a deportation hearing on August 26, 1993, Murrieta conceded deportability and applied for a section 212(c) waiver of deportation, which the IJ denied.
 
 
 9
 On appeal, Murrieta contended, inter alia, that the IJ erred by denying his section 212(c) application. The BIA dismissed Murrieta's appeal, finding that although his equities, in terms of family ties and length of residence, rose to the level of unusual or outstanding, such equities were outweighed by his criminal record.
 
 II
 Standard of Review
 
 10
 We review the BIA's fact-finding to see if it is supported by substantial evidence, and the balancing of equities for section 212(c) relief for an abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 III
 Merits
 
 11
 Murrieta contends that the BIA abused its discretion by denying his application for a section 212(c) waiver of deportation. This contention lacks merit.
 
 
 12
 In deciding whether an alien merits relief under section 212(c), the BIA must take into account the social and humane considerations presented in the alien's favor and balance them against evidence of the alien's undesirability as a permanent resident.[1] Yepes-Prado, 10 F.3d at 1365-66.
 
 
 13
 Here, the BIA acknowledged Murrieta's equities, including his lengthy residence in this country, his family ties, the fact that he has two United States citizen children, some work history, and some evidence of rehabilitation. The BIA also observed, however, that none of Murrieta's family rely on him for financial support, that he failed to avail himself of substance abuse courses while in prison despite acknowledgement of a drug addiction, and that he presented no evidence of property ownership or community or military service. Ultimately, the BIA found that Murrieta's criminal activity, including two robbery convictions, one burglary conviction, and one controlled substance conviction, constituted serious criminal misconduct which outweighed his equities.
 
 
 14
 Because the BIA supported its conclusion with "a reasoned explanation based upon legitimate concerns," see Ayala-Chavez, 944 F.2d at 642, we will not set aside the BIA's denial of section 212(c) relief.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA has set out factors which it will consider in making its equitable determination. Yepes-Prado, 10 F.3d at 1366. Factors weighing against waiver include: (1) the nature and underlying circumstances of the ground of deportation; (2) the presence of other violations of the nation's immigration laws; (3) the existence of a criminal record; and (4) the presence of other evidence indicative of the applicant's bad character or undesirability as a legal permanent resident of the United States. Factors weighing in favor of waiver include: (1) the presence of family ties within the United States; (2) residence of long duration in this country; (3) hardship to the alien and family if deported; (4) history of employment; (5) property or business ties; (6) community service; and (7) when there is a criminal record, genuine rehabilitation. Id