61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Esperanza BURGOS-ABRIL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70781.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 26, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Ass-vct-bql.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esperanza Burgos, a native and citizen of Columbia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of her request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 * Background
 
 
 4
 In 1978, at the age of 15, Burgos entered the United States as a lawful permanent resident. Her parents and siblings also reside in the United States, and in 1984, Burgos gave birth to a United States citizen child. In December 1991, Burgos was charged with (1) conspiracy to distribute and (2) distribution of approximately one kilogram of cocaine. After her arrest, she was released on her own recognizance. During this period, she failed several drug tests and eventually entered a drug-treatment program.
 
 
 5
 In May 1992, Burgos was found guilty on both counts following a jury trial. After her conviction, Burgos was released on her own recognizance prior to her sentencing. Burgos, however, fled the jurisdiction, becoming a fugitive. In November 1992, after her apprehension, she was sentenced to 78 months in jail.
 
 
 6
 In July 1993, the INS issued Burgos an order to show cause why she should not be deported based on her convictions. In April 1994, the IJ held a deportation hearing. At the hearing, Burgos conceded deportability, designated Columbia as the country of deportation, but indicated that she wanted to apply for section 212(c) relief from deportation. The IJ continued the hearing until June 1994. At the continued hearing, held in prison, Burgos testified and introduced evidence about her personal background, her employment and public assistance history, her drug problems, her United States citizen daughter, her close family ties here in the United States, and her efforts at rehabilitation since entering prison, including her completion of her GED, high school equivalency.
 
 
 7
 The IJ denied Burgos's application for 212(c) relief, and the BIA affirmed. Burgos timely petitions for review.
 
 II
 Merits
 
 8
 On petition for review, Burgos raise two contentions.[1] First, she contends that the hearing was premature because she had not had sufficient time since commencing her sentence to demonstrate rehabilitation. Second, she contends that the BIA erred by affirming the IJ's denial of section 212(c) because the IJ failed to adequately consider the equitable factors in favor of relief. Neither of these contentions has merit.
 
 A. Premature Review
 
 9
 Burgos contends that the hearing in which she sought section 212(c) relief should have been conducted closer to the end of her prison sentence in order to give her a better opportunity to show rehabilitation. This contention lacks merit.
 
 
 10
 First, rehabilitation is not a statutory prerequisite for section 212(c) relief, but rather is just one of the relevant factors to be considered. See Matter of Edwards, Int. Dec. 3134 (BIA 1990). Second, 8 U.S.C. Sec. 1252(i) requires the INS to "begin any deportation proceedings as expeditiously as possible after the date of conviction." Thus, section 1252(i) represents Congress's disapproval with the INS's practice of waiting until an alien has completed his sentence to initiate deportation proceedings. See Gidding v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992) (observing that during congressional debate over section 1252(i), Congress criticized the INS for delays in commencing deportation proceedings against incarcerated aliens).
 
 
 11
 Accordingly, Burgos has no right to delay deportation proceedings until she has served her sentence in order to bolster her request for discretionary relief under section 212(c). See 8 U.S.C. Sec. 1252(i).
 
 B. Denial of Section 212(c) Relief
 
 12
 "We review agency fact-finding to see if it is supported by substantial evidence, and the balancing of the equities underlying a [section] 212(c) determination for an abuse of discretion." Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir. 1993) (internal citations omitted). A decision to deny section 212(c) relief will be set aside only if the BIA "fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir. 1987). "[W]here the BIA does not perform an independent review of the IJ's decision and instead defers to the IJ's exercise of his or her discretion, it is the IJ's decision that we review." Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir. 1993).
 
 
 13
 The "IJ must determine whether to grant section 212(c) relief based on all the facts and circumstances of a particular case, taking into account the social and humane considerations presented in an applicant's favor and balancing them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Yepes-Prado, 10 F.3d at 1365-66.
 
 
 14
 Favorable considerations include: 1) family ties within the U.S.; 2) residence of long duration in this country (particularly when the residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief is not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business of property ties; 7) evidence of service to the community; 8) proof of rehabilitation if a criminal record exists; and 9) other evidence of good character.
 
 
 15
 Id. at 1366. These favorable factors are weighed against: 1) the nature and underlying circumstances of the crime; 2) additional violations of immigration law; 3) the existence, seriousness, and recency of any criminal record; and 4) other evidence of bad character or the undesirability of the applicant. Id. In addition, where the alien has been convicted of a serious drug crime, the BIA may require the alien to show "outstanding equities" warranting a favorable exercise of discretion. See Johnson v. INS, 971 F.2d 340, 344 (9th Cir. 1992); see also Matter of Burbano, Int. Dec. 3229 (BIA 1994).
 
 
 16
 Here, in considering the favorable equities, the IJ recognized that (1) Burgos had extensive family ties within the United States, including a Unites States citizen daughter, (2) Burgos had resided here since the age of 15, (3) returning to Columbia with her daughter would be difficult. The IJ found these to be "significant factor[s]."
 
 
 17
 In considering the negative equities, however, the IJ found that Burgos had been convicted of a serious drug crime, had a "spotty" employment record, was on public assistance prior to her arrest, had offered no evidence of community service, and had no business or property ties. The IJ observed that Burgos had acknowledged her drug problem and had sought treatment, but that her pre-sentencing report, indicated that she was a greater participant in the cocaine transaction than she had admitted at the deportation hearing and that her "participation in this activity was [not] solely to support her drug habit." Finally, the IJ found that her flight from justice following her conviction, which only ended when she was apprehended by U.S. Marshals, was incompatible with a showing of rehabilitation or a favorable exercise of discretion.
 
 
 18
 The BIA, in affirming the IJ's decision, went on to specifically find that these negative factors outlined by the IJ were not overcome by Burgos's completion of a GED or her indications of remorse.
 
 
 19
 Given these circumstances, the BIA supported its decision affirming the IJ's denial of section 212(c) relief "with a reasoned explanation based upon legitimate concerns." Vargas, 831 F.2d at 908; see also Yepes-Prado, 10 F.3d at 1373.
 
 
 20
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Burgos raises a third contention that she was denied due process because the deportation proceeding was held inside a prison. We address that contention in a published opinion filed concurrently with this disposition