83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor Rodolfo TOQUERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70506.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Rodolfo Toquero, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's finding that he is statutorily ineligible for a Section 212(c) waiver of excludability and voluntary departure because he lacked good moral character during the seven years preceding the date of his application. The Immigration Judge found that Toquero gave false testimony under oath before a naturalization examiner for purposes of obtaining a visa.[1]
 
 
 3
 On appeal to this court, Toquero concedes he is ineligible for Section 212(c) relief and instead contends that the Board inappropriately found him without good moral character for purposes of voluntary departure.
 
 
 4
 Toquero admits, however, that he is raising issues not previously asserted before the Immigration Judge or the Board. We therefore lack jurisdiction to consider them. See, e.g., Vargas v. INS, 831 F.2d 906, 907-908 (9th Cir.1987). To the extent Toquero claims to present for the first time a non-procedural constitutional issue ripe for our review, we disagree. The question of whether false testimony under oath to a naturalization examiner is the same as false testimony before a court or tribunal turns on statutory rather than constitutional interpretation, and was, therefore, within the purview of the Board. See Xiao v. INS, 979 F.2d 151, 155 (9th Cir.1992).
 
 
 5
 PETITION DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1990, Toquero pled guilty to knowingly and unlawfully obtaining naturalization by claiming to be unmarried prior to 1985 when he had in fact been married in 1972. In 1981, he entered the United States as the unmarried son of a lawful permanent resident, and the record plainly demonstrates that this knowingly false statement was perpetuated by Toquero throughout the naturalization process