107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angela Marina TELLEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70028.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 1
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Angela Marina Tellez, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Tellez's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, Tukhowinich, 64 F.3d at 463.
 
 
 5
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that she is a person whose deportation would result in extreme hardship to herself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 6
 Tellez contends that the BIA erred by denying her request for suspension of deportation because the BIA failed to consider the factors relating to extreme hardship. This contention lacks merit.
 
 
 7
 Here, Tellez argues that her deportation would cause her extreme emotional, psychological and financial hardship "in that [s]he would be forced to leave a country where she has firmly established herself." Moreover, Tellez argues that, if she were deported, she would be unable financially to support her lawful permanent resident father, who resides in the United States, and her three children, who remain in Nicaragua.
 
 
 8
 First, we do not consider Tellez's arguments of emotional and psychological hardship because she failed to raise them before the BIA. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). While some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Tellez's claim that she will have difficulty securing comparable employment does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 9
 Second, although Tellez's siblings are lawful permanent residents, we can only consider the hardship to Tellez's lawful permanent resident father. See 8 U.S.C. § 1254(a)(1). Tellez supports her father monetarily with $50 per month. Tellez's father, however, is remarried and his wife works full time. Tellez has not indicated that her siblings would be incapable of assisting her father if she were deported. Without more, we cannot say that Tellez's deportation would cause her father extreme hardship.
 
 
 10
 Last, although Tellez contends that her deportation would affect her ability financially to support her three children, Tellez's children remain in Nicaragua and her deportation would actually reunite her with her children. Moreover, because Tellez's children are not United States citizens or lawful permanent residents, we cannot consider any hardship that may befall them. See id.
 
 
 11
 We conclude that the BIA properly considered all the relevant factors and did not abuse its discretion by affirming the IJ's denial of suspension of deportation based upon Tellez's failure to establish extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not consider Tellez's argument that the IJ erred by denying her request for voluntary departure because Tellez failed to raise the issue before the BIA. See Vargas, 831 F.2d at 907-08