119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ganesh MURTI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70594, Aqm-ejw-waj.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 17, 1997.
 
 1
 Petition for Review of a Decision of the Immigration and Naturalization Service.
 
 
 2
 Before FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 We do not recite the facts for they are known to the parties.
 
 
 5
 Ganesh Murti, a native of Fiji, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum under 8 U.S.C. § 1158(a). We have jurisdiction under 8 U.S.C. § 1105a(a) (1994), and we deny the petition for review.
 
 
 6
 Denial of asylum is reviewed for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). We review the BIA's decision for substantial evidence, Prasad v. INS, 101 F.3d 614, 616-17 (9th Cir.1996), and uphold it "if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Ramos-Vasquez, 57 F.3d at 861 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).
 
 
 7
 Under 8 U.S.C. §§ 1158(a) and 1101(a)(42)(A), an alien is eligible for asylum if he is unable or unwilling to return to his country of nationality and has been persecuted, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. Lopez-Galarza v. INS, 99 F.3d 954, 958 (9th Cir.1996).
 
 
 8
 The BIA's denial of asylum was supported by substantial evidence. The record provides substantial evidence that the mal-treatment Murti suffered was neither on account of his marginal political activity for the Labour Party nor his religion. The incidents that bear racial overtones do not amount to persecution. They significantly resemble Prasad v. INS, 47 F.3d 336 (9th Cir.1995) (no persecution), and fall far short of Prasad v. INS, 101 F.3d 614 (9th Cir.1996) (persecution). Substantial evidence also supports the conclusion that there is no persecution on cumulative grounds, as in Surita v. INS, 95 F.3d 814 (9th Cir.1996), for the additional incidents either did not produce threats directed to Murti, Arriaga-Barientos v. INS, 937 F.2d 411, (9th Cir.1991), or were merely non-persecutory and short-lived outbursts of general and widespread violence. Arteaga v. INS, 836 F.2d 1227, 1232 (9th Cir.1988).
 
 
 9
 Further, an advisory opinion by the Bureau of Human Rights and Humanitarian Affairs ("BHRHA") and parts of Murti's own testimony provide substantial evidence to support the BIA's conclusion that even if Murti had shown past persecution, which would have entitled him to a presumption of future persecution, this presumption was rebutted by a preponderance of evidence that conditions in the country have changed. Osorio v. INS, 99 F.3d 928 (9th Cir.1996).
 
 
 10
 Murti cannot establish well-founded fear of persecution separately, since he does not compellingly show his fear to be objectively reasonable. Mejia-Paiz v. INS, 111 F.3d 720, 723 (9th Cir.1996). The offered summary reason that his country's Prime Minister hates people of his ethnicity is not "sufficiently detailed to provide a plausible and coherent account of the basis of his fear." Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987). It also conflicts with his remaining testimony, Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996), and the BHRHA's advisory opinion.
 
 The petition for review is DENIED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 * The Honorable Tom Stagg, United States Senior District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by the Ninth Cir. R. 36-3
 
 
 [1]
 Murti also petitions for withholding of deportation under 8 U.S.C. § 1253(h). However, that issue was not raised before the BIA; therefore, we do not have jurisdiction over it, Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987), and we do not address it