139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro Miguel CARRANZA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70374.
INS No. Agm-sdh-hlp.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pedro Miguel Carranza, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision finding that he had failed to demonstrate extreme hardship in his application for suspension of deportation.[1]
 
 
 3
 Carranza first contends that we may review the immigration judge's order denying his request for asylum and withholding of deportation because the BIA ostensibly addressed this issue in its March 1997 deportation order.
 
 
 4
 We reject this contention because the record reveals that Carranza failed to exhaust his administrative remedies by raising this issue in his notice of appeal to the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994); Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). Moreover, the BIA's decision, which explicitly addresses Carranza's suspension claim, but not his asylum claim, demonstrates that Carranza has not exhausted his administrative remedies. See Vargas, 831 F.2d at 907-08. Thus, we must dismiss this part of Carranza's petition for lack of jurisdiction. See Rashtabadi, 23 F.3d at 1567.
 
 
 5
 We must also dismiss the remainder of Carranza's petition for review because we lack jurisdiction under § 309(c)(4)(E) of IIRIRA to review the BIA's decision in Carranza's application for suspension of deportation. See Kalaw v. INS, No. 97-70106, slip op. 14093, 14100, 14102-04 (9th Cir. Dec. 1, 1997).
 
 
 6
 PETITION FOR REVIEW DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the BIA entered its final order of deportation on March 11, 1997, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (1996), as amended by the Extension of Stay in United States for Nurses Act, Pub.L. No. 104-302, 110 Stat. 3656 (Oct. 11, 1996), apply to Carranza's petition. See Kalaw v. INS, No. 97-70106, slip op. 14093, 14098-99 (9th Cir. Dec. 1, 1997)