141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bosko Lubo KUSTUDIC, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70909.
I & NS No. Ain-nsq-xhm.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1998**.
Decided Mar. 2, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before FLETCHER, MAGILL*** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bosko Lubo Kustudic, a native and citizen of Serbia, petitioner for review of the denial of his application for asylum or withholding of deportation. Kustudic entered the United States on a visitor's visa on May 28, 1989. He was formerly a member of the Communist Party but participated in demonstrations against the government and was jailed for three days after refusing to join the military. Kustudic fears that if he is returned to Serbia, he will be drafted and placed in combat. He also fears that he will not be able to find a job to support his wife and two children, who are still in Serbia. We deny the petition for review.
 
 I.
 
 3
 Kustudic applied for both asylum and withholding of deportation. On appeal, he asserts that the BIA abused its discretion in two ways in denying him relief: it failed to articulate its reasons adequately for denying relief; and, because he demonstrated past persecution on account of his political opinion or membership in a social group, it erred in denying him relief from deportation.
 
 A. BIA adequately articulated its reasons
 
 4
 We have long held that failure by the BIA in denying relief from deportation "to support its conclusions with a reasoned explanation based upon legitimate concerns" constitutes an abuse of discretion. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). However, in the instant case, while the BIA's one-paragraph decision does not itself explain the reasons for denying Kustudic relief from deportation, it expressly incorporates by reference the reasons articulated by the IJ.
 
 
 5
 The IJ's transcribed oral decision explains that the denial of relief was because Kustudic failed to identify a specific basis for his claim of fear of persecution. While not a model of thoroughness, the IJ's decision, containing its essential reasoning, is sufficient.
 
 
 6
 B. Kustudic fails to identify statutory basis for relief
 
 
 7
 The BIA correctly noted that, absent an adverse credibility finding by the IJ, it must take Kustudic's testimony as true. Nor is any further corroboration required. See, e.g., Aguilera-Cota v. INS, 914 F.2d 1375, 1380 (9th Cir.1990). Furthermore, an alien who establishes past persecution is presumed to have a well-founded fear of persecution. Singh v. INS, 94 F.3d 1353, 1361 (9th Cir.1996). However, Kustudic failed to testify to a specific basis for claiming past persecution or fear of future persecution.
 
 
 8
 To be eligible for asylum or withholding of deportation, an alien must demonstrate either a well-founded fear or clear probability of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In the first place, neither enforcement of a military draft nor petitioner's inability to find work constitute persecution. Further, Kustudic simply fails to meet the requirements of 8 U.S.C. § 1101(a)(42) because, although he echoes the language of the statute when he claims that he has demonstrated past persecution and fears future persecution on account of his political opinion and membership in a social group, he has not identified any specific political opinion that he adheres to or social group that he participates in which could form the statutory basis for relief. Neither has he alleged any facts to support the characterization of any past incidents or fear of future incidents as being on account of any particular political opinion or membership in a social group.
 
 II.
 
 9
 Accordingly, we affirm the denial of Kustudic's application for relief from deportation, and, pursuant to Contreras-Aragon v. INS, 852 F.2d 1088, 1090 (9th Cir.1988) (en banc), affirm the grant of of voluntary departure.
 
 
 10
 Petition for review DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3