**Dinesh N. RATNAYAKAGE Petitioners**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent**

No. 00–71146.
I & NS No. A70–009–959.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.    R.App. P. 34(a).

## MEMORANDUM **

Dinesh N. Ratnayakage, a native and citizen of Sri Lanka, appeals the final order of the Board of Immigration Appeals ("BIA"), which concluded that he did not qualify for asylum or withholding of deportation. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

We do not have jurisdiction over Ratnayakage's assertion that he was a victim of past persecution, because he did not raise it before the BIA. Ratnayakage is required to exhaust all of his arguments by presenting them to the BIA. *See* 8 U.S.C. § 1105a(c) (1992). A "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Cortez–Acosta v. INS*, 234 F.3d 476, 479 (9th Cir.2000), *citing Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

### II

An applicant can show a well-founded fear of future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution. *Duarte de Guinac v. INS*, 179 F.3d 1156 (9th Cir.1999), *citing Ghaly v. INS*, 58 F.3d 1425, 1428 (9th Cir.1995). The applicant may make this showing either through the production of specific documentary evidence or by credible and persuasive testimony. *Ramos–Vasquez v. INS*, 57 F.3d 857, 862–63 (9th Cir.1995). Ratnayakage's documentary evidence was limited in scope and outdated, and his testimony was neither credible nor persuasive. Even if Ratnayakage were persecuted in the past, he has not demonstrated that ten years later his persecutors continue to have an interest in him. *See e.g., Chand v. INS*, 222 F.3d 1066, 1075 (9th Cir.2000) (where lack of persecutor's continuing interest was factor in denial of asylum). Ratnayakage did not establish a well-founded fear of future persecution on account of his political opinion or membership in a particular social group. Substantial evidence supports the BIA's conclusion that Ratnayakage is not entitled to asylum.

### III

The BIA did not abuse its discretion by denying Ratnayakage's motion to reopen proceedings so that he could apply for relief under the Convention Against Torture. Ratnayakage must present material evidence that more likely than not he would be tortured if returned to Sri Lanka. *See* 8 C.F.R. § 208.16(c)(2) (2000). Ratnayakage presented no evidence that his alleged persecutors retained an interest in him ten years after he left Sri Lanka.

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.