**Ray Aldovino YUMUL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71977.

Agency No. A70–781–774.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2003.[*]

Decided Oct. 15, 2003.

Elif Keles, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John S. Hogan, U.S. Department of Justice, Civil Division, Washington, DC, David J. Kline, Esq., Norah Ascoli Schwarz, Hugh G. Mullane,

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**572**

DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Petitioner Yumul seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen deportation proceedings. We review for an abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and deny the petition for review.

Yumul failed to exhaust available administrative remedies before seeking judicial review of his deportation order. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987) (citation omitted).

Yumul relied on, but is not helped by, *Socop–Gonzalesz v. INS.* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). In *Socop–Gonzalez*, we held that even though a petitioner never specifically invoked the phrase "equitable tolling" in his briefs to the BIA, he had sufficiently exhausted his remedies below by pleading facts that could support a claim for equitable tolling. 272 F.3d at 1183–84. Socop–Gonzalez had requested relief based on the doctrine of equitable *estoppel*, which we held was sufficiently similar to equitable *tolling* to have adequately raised the issue. *Id.* at 1184–85. Furthermore, the BIA had in fact addressed whether any equitable considerations should toll the limitation period. *Id.* at 1186.

In Yumul's case, the BIA appeared to raise the issue of equitable tolling briefly on its own when it noted that "[t]he respondent's motion to reopen is unsupported by evidence establishing physical or mental incapacitation ... that prevented him from filing a timely motion to reopen...." However, despite the BIA's consideration of the issue, Yumul's case differs from *Socop–Gonzalez* in two ways. First, Yumul's briefs below do not mention equitable tolling, equitable estoppel, or any similar theory of relief. Second, Yumul failed to plead any facts that could support a request for equitable tolling. Instead, he repeatedly argued below that he received misinformation from a government employee that caused him to miss his deportation hearing. He then asserts that this "exceptional circumstance" excuses his absence and justifies rescinding the *in absentia* order of deportation. Although it may have caused him to miss his deportation hearing, Yumul's alleged detrimental reliance on the INS employee's misinformation could have no causal connection with his two-year delay before filing his motion to reopen. *See Socop–Gonzalez*, 272 F.3d at 1181 (noting that Socop–Gonzalez' reliance on an INS employee's incorrect advice was the direct cause of his delay in filing).

Yumul's request for equitable tolling is barred by his failure to raise this argument below.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.