Gloria Del Valle **GUTIERREZ;**
et al., **Petitioners,**

v.

John **ASHCROFT,** Attorney
General, **Respondent.**

No. 02–71994.
Agency Nos. A71–638–060, A71–638–061.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.*

Decided Oct. 17, 2003.

* This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R.App. P. 34(a)(2).

Ramsin Sheeno, Esq., Mansouri and Sheeno, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell J.E. Verby, Office of Immigration Litigation, Washington, DC, Richard M. Evans, Esq., DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before WALLACE, RYMER, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Petitioners Gutierrez and Mehrabiani seek review of the Board of Immigration Appeals' (Board) denial of their motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002). We review the Board's decision for abuse of discretion, *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and deny the petition for review.

The Board did not abuse its discretion by deeming petitioners' motion to reopen untimely for purposes of applying for

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

asylum, withholding of deportation, and voluntary departure. Petitioners did not file their motion to reopen within ninety days of the Immigration Judge's decision as required by 8 C.F.R. § 3.23(b)(1). Moreover, they have not provided any "previously unavailable, material evidence" to support their motion to reopen. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Petitioner Mehrabiani could have testified concerning his alleged conflict with Iranian authorities when he appeared for the 1991 deportation hearing. The only new evidence the petitioners offer in support of their motion to reopen is a newspaper article, which suggests that Iranian authorities orchestrated the bombing of several Bahá'í congregations in Buenos Aires after consulting with Argentine officials. While this information supports petitioners' factual allegations, it is not sufficiently "material" because it does not materially enhance their fear of persecution beyond the information already available to them in 1991. Furthermore, petitioners have not tendered a reasonable explanation to account for their failure to request asylum in 1991. *Id.* at 105, 108 S.Ct. 904. Thus, the Board did not abuse its discretion by concluding that petitioners failed to qualify for relief under 8 C.F.R. § 3.23(b)(1).

Petitioners argue in the alternative that the Due Process Clause of the Fifth Amendment and the Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (Torture Convention), June 26, 1987, 1465 U.N.T.S. 85 (1988), furnish alternative grounds for reopening their deportation proceedings. These arguments fail because petitioners did not exhaust their administrative remedies. We lack jurisdiction to consider petitioners' claims based on the Torture Convention because they did not raise these claims before the Board. *Khourassany v. INS*, 208 F.3d 1096, 1099 (9th Cir.2000). Similarly, due process does not give us jurisdiction over "procedural errors correctable by [an] administrative tribunal." *Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 908 (9th Cir.1987). Federal legislation and Immigration and Naturalization Service regulations safeguard the constitutional right to counsel, and petitioners were free to challenge any deprivation of this right on direct appeal to the Board. 8 U.S.C. § 1362 (1995); 8 C.F.R. §§ 242.1(c), 242.10, 242.16(a) (1995). Petitioners' failure to exhaust their administrative remedies on direct appeal deprives us of jurisdiction to review these claims.

Petitioners' request for a stay of deportation pending our decision is denied as moot.

PETITION DENIED.