**Gustavo DIAZ–NIETO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72114.

Agency No. A31–081–026.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Gustavo Diaz–Nieto, pro se, El Centro, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Lyle Jentzer, District Director, Immigration and Naturalization Service, Los Angeles, CA, Carl H. McIntyre, Jr., Carolyn Piccotti, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Gustavo Diaz–Nieto, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order of removal. We have jurisdiction to determine our own jurisdiction, see Alarcon–Serrano v. INS, 220 F.3d 1116, 1119 (9th Cir.2000), and we dismiss the petition.

We lack jurisdiction to consider Diaz–Nieto's contention that his motion to reopen should have been granted because he failed to raise this argument with the BIA. See Vargas v. INS, 831 F.2d 906, 907–908 (9th Cir.1987).

Diaz–Nieto admitted that he was convicted of a drug offense related to the transportation of methamphetamine. Accordingly, we lack jurisdiction to review the IJ's order of removal further. 8 U.S.C. § 1252(a)(2)(C) (providing in part, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)").

PETITION FOR REVIEW DISMISSED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

