Juan Cesar VARGAS, Petitioner,

v.

**U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION, Respondent.**

No. 86–7652.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 1987.[*]

Decided Nov. 4, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Oscar Ruiz De Chavez, Calexico, Cal., for petitioner.

Michael P. Lindemann, Washington, D.C., for respondent.

Before ALARCON, BEEZER and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

This appeal raises two issues for our determination: (1) whether appellant, Juan Cesar Vargas, (Vargas) must first exhaust his administrative remedies before raising a due process claim in this court when that claim concerns procedural errors correctable by the Board of Immigration Appeals (BIA); and (2) whether the BIA abused its discretion when it denied Vargas' request for a waiver of deportation.

## I

Vargas is a Mexican citizen who was lawfully admitted to the United States for permanent residence in 1962. On September 14, 1983, he pleaded no contest to heroin possession and was ordered imprisoned. Following his release from prison, the Immigration and Naturalization Service (INS) issued an order to show cause why Vargas should not be deported pursuant to 8 U.S.C. § 1251(a)(11) (1982).[1] An immigration judge (IJ) found Vargas deportable and denied him a waiver of deportation. The BIA affirmed the deportation order. Vargas appeals this decision.

## II

Vargas contends that he was denied due process because the deportation order was based on a conviction record which inaccurately stated the length of time and place of his incarceration for the 1983 narcotics offense. Vargas also contends that the BIA abused its discretion when it denied his request for a waiver of deportation. Because Vargas failed to raise the issue before the BIA, this court is without jurisdiction to hear his due process claim. Furthermore, we find that the BIA did not abuse its discretion in denying Vargas a waiver of deportation.

## III

The INS argues that this court does not have jurisdiction to hear Vargas's due process claim because he failed to raise the issue at his deportation hearing or before the BIA. We agree.

Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order. *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir.1980), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). Failure to raise an issue in an appeal to the BIA constitutes a failure to

---

1. This statute provides in part:
    (a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General be deported who—
    (11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana....

exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter. *Id.; Chung Young Chew v. Boyd,* 309 F.2d 857, 861 (9th Cir. 1962). However, due process claims generally are exempt from this procedural rule because the BIA does not have jurisdiction to adjudicate constitutional issues. *Bagues-Valles v. INS,* 779 F.2d 483, 484 (9th Cir.1985); *Hernandez-Rivera v. INS,* 630 F.2d 1352, 1355 (9th Cir.1980).

Notwithstanding this principle, a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. "Due process" is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.

*Reid v. Engen,* 765 F.2d 1457, 1461 (9th Cir.1985). While *Reid* involved several due process claims against the Federal Aviation Administration, we have also discussed the application of this "procedural error" rule to claims against the INS. *Bagues-Valles,* 779 F.2d at 484.

In *Bagues-Valles,* we suggested that *Reid* would apply to INS proceedings when a petitioner's claim involved "procedural errors correctable by the administrative tribunal." *Id.* However, in *Bagues-Valles,* we had no occasion to apply *Reid* because the petitioners' claim did not concern "procedural errors." Today, we hold that *Reid* applies to INS proceedings and that Vargas must show that his due process claim does not involve "procedural errors." Without such a showing, we have no jurisdiction to consider the merits of his claim.

Here, Vargas argues that the conviction record introduced at his deportation hearing by the INS incorrectly stated the

length of time and the place of his imprisonment. However, Vargas admits that the record otherwise relates to him. At the deportation hearing Vargas objected to the complaint portion of the record on hearsay grounds and specifically stated that he had "no problem with the conviction record itself."[2] Moreover, Vargas failed to file a brief with the BIA and his notice of appeal to the BIA only challenged the IJ's discretionary decision to deny him a waiver of deportation.

Had Vargas brought his due process claim before the IJ or BIA, the descriptive error in the conviction record could have been corrected. However, because Vargas failed to do this, he did not exhaust his administrative remedies. *See Bagues-Valles,* 779 F.2d at 484; *Reid,* 765 F.2d at 1461. Accordingly, this court does not have jurisdiction to address the issue.

IV

Vargas contends that the BIA abused its discretion by denying him a waiver of deportation pursuant to 8 U.S.C. § 1182(c) (1982).[3] We disagree.

BIA decisions denying discretionary relief from deportation are reviewed under the abuse of discretion standard. *Foti v. INS,* 375 U.S. 217, 228, 84 S.Ct. 306, 313, 11 L.Ed.2d 281 (1963); *see also Start v. INS,* 803 F.2d 539, 541 (9th Cir.1986) (standard of review for denial of waiver pursuant to 8 U.S.C. § 1251(f)(1) (1982) is abuse of discretion). This court should set aside a BIA decision to deny such relief only if the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns. *See Mattis v. INS,* 774 F.2d 965, 968 (9th Cir.1985) (describing the review of a BIA decision denying discretionary relief from deportation under 8 U.S.C. § 1255(a)).

---

**2.** The conviction record consists of a copy of the complaint issued against Vargas and a copy of the judgment rendered against him in the 1983 heroin possession case. Presumably, Vargas's attorney was referring to the copy of the judgment when he made this statement.

**3.** "Section 1182(c) provides 'discretionary relief from deportation to permanent resident aliens who have accrued "seven consecutive years" of

"lawful unrelinquished domicile." '" *Torres-Hernandez v. INS.,* 812 F.2d 1262, 1263 (9th Cir.1987) (quoting *Avila-Murrieta v. INS.,* 762 F.2d 733, 735 (9th Cir.1985)). Although this provision applies on its face only to exclusion proceedings, this court has interpreted it to apply to deportation hearings as well. *Tapia-Acuna v. INS,* 640 F.2d 223, 224 (9th Cir.1981).

The BIA denied waiver of deportation because of Vargas's prior criminal record. In so doing, it deferred to the IJ's conclusions regarding the serious nature of the 1983 offense and Vargas's failure to rehabilitate. In 1975, Vargas had been convicted of possession with intent to distribute a controlled substance. As a result of that conviction, Vargas was ordered deported from the country. However, in 1977 the BIA granted Vargas a waiver of deportation which allowed him to remain in the United States.

Following this earlier waiver of deportation, notwithstanding his conviction of a similar charge, Vargas again was convicted of a narcotics offense in 1983. Moreover, he admitted at his deportation hearing that he obtained the drug in order to sell it. The BIA supported its conclusion to deny relief with a reasoned explanation based on legitimate concerns. It did not abuse its discretion in denying waiver of deportation.

Vargas' appeal regarding his due process claim is DISMISSED. The decision of the BIA denying Vargas' request for a waiver of deportation is AFFIRMED.