963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon ESTRADA-BARRERA, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70193.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 14, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Board of Immigration Appeals (BIA) ordered Ramon Estrada-Barrera deported for committing a crime of moral turpitude (rape of a twelve-year-old girl), within five years of entering the United States as a lawful permanent resident. See 8 U.S.C. § 1251(a)(4). Estrada-Barrera admitted at his deportation hearing the factual allegations in the order and conceded deportability. He seeks relief from deportation under section 212(c) of the Immigration and Nationality Act.
 
 
 3
 Under that section, the attorney general has discretion to waive an order of deportation, if after balancing favorable and adverse factors, waiver is advisable. The Board of Immigration Appeals in this case considered the following favorable factors in weighing the petitioner's request for relief: (1) the petitioner's wife is a United States citizen who is unable to work and needs financial support; (2) five of the petitioner's siblings are legal residents in the United States, and he sees three of these siblings almost daily; (3) he wishes to repay the lawyer who represented him in the criminal proceeding and his wife's creditors; (4) he owns a mobile home ($5,000) and three vehicles ($3,500); and (5) between 1980 and 1987 he was steadily employed as a housepainter.
 
 
 4
 Under the Board's analysis, the petitioner's criminal behavior weighed heavily against waiver of deportation. The serious and violent nature of the crime made the petitioner's conduct particularly culpable, as did the fact that the victim was a child entrusted to the petitioner's care. The BIA examined Estrada-Barrera's rehabilitation efforts and found them inadequate. Between his release from prison in March of 1988, and his deportation hearing in August of 1988, Estrada-Barrera attended only one counseling session. He asserted at the hearing that he intended to receive more counseling in the future.
 
 
 5
 The BIA's decision to deny Estrada-Barrera's application for waiver under section 212(c) is reviewed for abuse of discretion. Vargas v. Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). The decision may be set aside "only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 6
 The administrative record reveals that the Immigration Judge and the Board of Immigration Appeals carefully weighed all relevant favorable and adverse factors presented. The BIA's finding that the petitioner had established outstanding equities did not require the BIA to grant waiver of deportation. Buscemi, Int.Dec. 3058 at 5 (BIA 1988) ("An alien who demonstrates unusual or outstanding equities, as required, merely satisfies the threshold test for having a favorable exercise of discretion considered in his case; such a showing does not compel that discretion be exercised in his favor."). In a "reasoned explanation based on legitimate concerns" the Board concluded that the outstanding equities shown by Estrada-Barrera did not outweigh the serious and violent nature of his criminal offense. Accordingly, the BIA did not abuse its discretion when it denied the petitioner's application for waiver of deportation.
 
 
 7
 PETITION FOR REVIEW IS DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3