990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham PADILLA-LOPEZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70513.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1993.
Decided March 18, 1993.
 
 Before PREGERSON, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abraham Padilla-Lopez seeks review of a final order of the Board of Immigration Appeals (the "Board"). That order denies Padilla-Lopez's application for a waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Padilla-Lopez contends that the Immigration Judge and the Board of Immigration Appeals abused their discretion by failing to consider his close relationship with Maria and Marco Corral ("the Corrals"). He also contends that the Immigration Judge erred by requiring a showing of rehabilitation, and by failing to consider Padilla-Lopez's rehabilitation. We affirm.
 
 STANDARD OF REVIEW
 
 3
 We review for abuse of discretion the Board's decision to deny Padilla-Lopez a wavier of deportation. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). We may set aside a denial of discretionary relief under section 212(c) only if the Board failed to support its conclusions with a reasoned explanation based upon legitimate concerns. Id.
 
 DISCUSSION
 
 4
 I. Consideration of the Relationship with Maria and Marco Corral
 
 
 5
 Padilla-Lopez first contends that the Immigration Judge and the Board abused their discretion by failing to consider his relationship with Maria de Jesus Corral and her son Marco as a favorable circumstance in support of his application.
 
 
 6
 This court's review is limited to the Board's decision. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988). The Board's order indicates that on appeal, the Board did consider Padilla-Lopez's relationship with the Corrals. Because the Board considered this mitigating factor, we cannot say it abused its discretion.
 
 II. Padilla-Lopez's Rehabilitation
 
 7
 Padilla-Lopez also claims that the Immigration Judge erred in finding that a showing of rehabilitation is essential to the favorable exercise of discretion. However, this claim was not raised on appeal to the Board. [See C.R. at 009] Padilla-Lopez's failure to raise this issue on administrative appeal deprives this court of jurisdiction to hear the matter. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3