47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ajax GUEVARA-SUAZO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70746.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided Feb. 24, 1995.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Ajy-spl-vai.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, HUG and FARRIS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Guevara-Suazo petitions for review, challenging the decision of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his request for asylum pursuant to 8 U.S.C. Sec. 1158(a) and withholding of deportation under to 8 U.S.C. Sec. 1253(h). He also challenges the denial of his request for voluntary departure under 8 U.S.C. Sec. 1254(e). We have jurisdiction provided by 8 U.S.C. Sec. 1105a(a). We deny the petition.
 
 
 2
 The Attorney General has discretion to grant asylum if the alien is a "refugee." See 8 U.S.C. Sec. 1158(a). Aliens qualify as refugees if they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. Sec. 1101(a)(42)(A). A "well-founded fear" claim has both objective and subjective components. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993) (Acewicz ). "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution." Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (internal quotations and citations omitted). Our review is limited to the decision of the Board. Id. at 1059. Factual determinations by the Board are reviewed under the "substantial evidence" standard. We will not upset the Board's ruling unless the evidence "was such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). The evidence presented must compel a finding adverse to that of the Board. Id. at 815 n. 1.
 
 
 3
 Evidence in the record supports the Board's view that Guevara-Suazo was not a credible witness. There were numerous inconsistencies between his testimony at his hearing and his two asylum applications. For example, Guevara-Suazo states he was detained by Nicaraguan police, but this fact was not on his initial asylum application. Nor were his assertions that he was persecuted by mobs or was a member of anti-Sandinista organizations on his first application. The Board did not accept the contention that these inconsistencies were the fault of his attorney's secretary. Guevara-Suazo's testimony was also contradicted by Immigration Examiner Esterkel who conducted the asylum interview. Guevara-Suazo never told Esterkel that he had been detained. Finally, Guevara-Suazo was not able to provide a cogent account of any detention. These inconsistencies and lack of detailed or cogent testimony provide substantial evidence to support the Board's determination that Guevara-Suazo was not credible. See Berroteran-Melendez, 955 F.2d 1251, 1257 (9th Cir.1992). Therefore, he did not meet the subjective component of his well-founded fear claim. Id. at 1257-58.
 
 
 4
 Because the burden of proof is higher for demonstrating a right to withholding of deportation than for demonstrating a right to asylum, Guevara-Suazo's withholding claim necessarily fails. Acewicz, 984 F.2d at 1062.
 
 
 5
 Finally, his claim regarding voluntary departure was not raised before the Board. Therefore, we will not consider it. Vargas v. INS, 831 F.2d 906, 907 (9th Cir.1987).
 
 
 6
 PETITION DENIED.