76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Ramon CARDENAS-CAMPOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70267.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Jan. 18, 1996.
 
 1
 Before: SCHROEDER and ALARCON, Circuit Judges, and PANNER,* Senior District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Ramon Cardenas-Campos (Cardenas) petitions for review of the decision of the Board of Immigration Appeals (BIA), denying a waiver of deportability under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), and ordering him deported. After a hearing, an Immigration Judge (IJ) concluded that despite Cardenas's outstanding positive equities, a favorable exercise of discretion was unwarranted. After reviewing the record, the BIA affirmed the IJ's conclusion.
 
 
 4
 Cardenas argues that the BIA abused its discretion by mischaracterizing a molestation conviction as heinous, by overemphasizing his criminal conviction, by failing to adequately credit his rehabilitation, and by failing to consider all of his positive equities. We affirm.
 
 DISCUSSION
 I. Standard of Review
 
 5
 The court reviews the BIA's fact-finding under the substantial evidence standard. Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994). The court reviews the balancing of equities for section 212(c) relief for an abuse of discretion. Id. The court "may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 II. The BIA's Decision
 
 6
 In its decision, the BIA found that Cardena's family ties and long residence in the United States were unusual or outstanding equities. It found his employment history a positive factor and specifically noted that he had been gainfully employed since July 1993. It found that Cardenas's family would suffer some hardship if he were deported. It noted that he was a member of a church. Because of the commission of a second crime, the BIA concluded that Cardenas had presented only some evidence of rehabilitation. It concluded that Cardenas's negative factors, specifically, a molestation conviction which it characterized as a heinous crime, followed by a second conviction for burglary, outweighed the favorable factors, including his unusual or outstanding equities.
 
 
 7
 The BIA's findings are supported by substantial evidence. Without evidence of mitigating circumstances surrounding the second conviction, the BIA's finding that Cardenas presented only some evidence of rehabilitation is supported by the evidence in the record.
 
 
 8
 The BIA's balancing of the equities in the INS's favor was not an abuse of discretion. It considered all appropriate positive and negative equity factors. See Paredes-Urrestarazu, 36 F.3d at 806-07 (listing the nine positive factors and four negative factors from In re Edwards, BIA Interim Dec. No. 3134, 1990 WL 385757 (1990)). Our prior decisions establish that "there are cases in which the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities." Id. at 807. Here, the BIA supported its conclusions "with a reasoned explanation based upon legitimate concerns." Ayala-Chavez, 944 F.2d at 642. The BIA did not abuse its discretion in concluding that Cardenas's two convictions outweighed his significant positive equities.
 
 
 9
 We affirm the BIA's decision. The petition for review is DENIED.
 
 
 
 *
 Honorable Owen M. Panner, Senior United States District Judge, for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3