89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vivian Ann DREWERY, a.k.a. Vivian Ann Makapagal, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70336.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vivian Ann Drewery, a native of Great Britain and citizen of Canada, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of her claim for adjustment of status, and granting her voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a)(1), and deny the petition.
 
 
 3
 The Attorney General, in her discretion, may adjust the status of a nonimmigrant alien to that of lawful permanent resident if the alien first meets the burden of demonstrating that she has applied for adjustment, she is eligible for an immigrant visa and admissible to the United States for permanent residence, and if an immigrant visa is immediately available to her at the time her application is filed. 8 U.S.C. § 1255(a); Choe v. INS, 11 F.3d 925, 928 (9th Cir.1993); Memezes v. INS, 601 F.2d 1028, 1032 (9th Cir.1979) (finding that alien spouse of U.S. citizen is not exempt from these requirements). Here, despite Drewery's argument to the contrary, the record plainly demonstrates that the spousal visa petition filed on her behalf by her U.S. citizen husband was denied for failure to prosecute and that no appeal from this denial was ever taken. Thus, at the time of her deportation hearing, Drewery had neither a pending visa application nor immediate access to a visa and was therefore statutorily ineligible for adjustment of status. Drewery's argument that statements made during her February 1991 INS interview led her to think that she was granted permanent resident status is meritless since the record demonstrates that she and her now ex-husband subsequently received three separate notices that both her visa and adjustment applications had been denied. To the extent she raises an estoppel claim for the first time on appeal to this Court, we decline to address the issue. See, e.g., Vargas v. INS, 831 F.2d 906, 907-908 (9th Cir.1987). Accordingly, because the Board's findings are supported by substantial evidence, we deny the petition for review. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 4
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3