122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel Astillasa ROMANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70793.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joel Astillasa Romano, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's factual determinations of a petitioner's statutory eligibility for asylum under a "substantial evidence" standard. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). To obtain reversal, the petitioner must show that "the evidence not only supports that conclusion, but compels it." Elias-Zacarias, 502 U.S. at 481 n. 1.
 
 
 4
 Romano contends that the BIA's conclusion that he failed to establish past persecution or a well-founded fear of future persecution based on his refusal to assist the New People's Army ("NPA") was not supported by substantial evidence. We disagree.
 
 
 5
 To be eligible for asylum, an applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A) (1994). Where there is no direct or circumstantial evidence to show that the petitioner was persecuted "on account of" his or her political opinion, the petitioner is ineligible for asylum. See Sangha, 103 F.3d at 1490-91.
 
 
 6
 Romano failed to offer any direct or circumstantial evidence that the NPA was motivated by Romano's political opinion, either actual or imputed. See Sangha, 103 F.3d at 1490-91. Thus, the BIA's finding that Romano failed to establish persecution "on account of" one of the enumerated grounds was supported by substantial evidence. See id. Moreover, the record demonstrates that the NPA was not motivated by Romano's political opinion, but rather by financial concerns. See id. The record does not compel the court to find otherwise. See id.; see also Elias-Zacarias, 502 U.S. at 481 n. 1.
 
 
 7
 Because Romano failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 In addition, because Romano failed to claim that the NPA sought to recruit him for information against other businessmen in his appeal to the BIA, he failed to exhaust administrative remedies with respect to that question, and we lack jurisdiction to consider that issue. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3