**Doroteo GONZALEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70095.

INS No. A73–896–184.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2000.

Decided April 30, 2001.

---

Before B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Doroteo Gonzalez,** a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") decision denying his application for suspension of deportation under Immigration and Nationality Act ("INA") § 106(a), codified at 8 U.S.C. § 1105a (repealed 1996). We lack jurisdiction to review Gonzalez's claims.

1. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. IIRIRA § 309(c)(4)(E); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997). Because deportation proceedings were initiated against Gonzalez on August 3, 1995, and a final order of deportation was issued on January 4, 1999, the transitional rules apply to his case.

2. Gonzalez contends the BIA violated his due process rights by: 1) failing

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

** Deportation proceedings were originally initiated against Gonzalez and his then wife, Maria Negrete–Gonzalez. Four months after the Immigration Judge found Gonzalez and his wife deportable, the marriage was dissolved. Only Doroteo Gonzalez's appeal is before us.

to evaluate the best interests of his children as evidence of extreme hardship pursuant to INA § 244; 2) failing to state the standard of review it was applying; and 3) inadequately explaining its rejection of his claim that the IJ had applied the wrong legal standard. These three assignments of error fail to raise colorable due process claims because none "contend[s] that he was prevented from presenting his case before the immigration judge or the BIA, denied a full and fair hearing before an impartial adjudicator or otherwise denied a basic due process right." *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Rather, each of these claims asserts that the BIA committed legal error by either applying an inappropriate legal standard or by inadequately explaining its decision. Although these claims are couched in due process language, they are in substance challenges to the BIA's exercise of its discretion. We therefore lack jurisdiction to hear these claims under IIRIRA § 309(c)(4)(E). *Torres–Aguilar,* 246 F.3d at 1271; *Kalaw,* 133 F.3d at 1150.

■ 3. Gonzalez also claims that the BIA violated his due process rights by providing him with an incomplete administrative record of deportation proceedings, thereby depriving him of a fair opportunity to prepare his appeal to the BIA. We lack jurisdiction over this claim because Gonzalez has failed to exhaust his administrative remedies. The failure to provide Gonzalez with the complete administrative record is the "type of procedural error[ ] which the Board has the authority to correct and which must therefore be raised first before the Board." *Baria v. Reno,* 94 F.3d 1335, 1340 (9th Cir.1996) (finding that petitioner failed to exhaust his administrative remedies by not raising allegations regarding the inadequacy of the administrative record before the BIA); *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994) (holding that a petitioner must raise before the BIA allegations of error that could constitute due process violations if those "procedural errors [are] correctable by the [BIA]"). As Gonzalez's counsel admitted during oral argument, Gonzalez had "an awareness" prior to his hearing before the BIA that he had not been furnished with the entire administrative record. Because Gonzalez therefore could have raised this issue before the BIA, his failure to do so deprives this court of jurisdiction. *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust administrative remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

DISMISSED