**Dmitry Vlandimirovich ROMANENKO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70167.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.*

Decided May 13, 2004.

Samuel W. Asbury, Esq., Gresham, OR, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, CLIFTON, Circuit Judges, and ZAPATA, District Judge.**

MEMORANDUM **

Dmitry Romanenko petitions for review of the Board of Immigration Appeals' sum-

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

mary affirmance of an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. As the parties are familiar with the facts, we do not recount them here except as necessary.

Romanenko first argues that the BIA and the IJ erred in failing to consider his eligibility for Convention Against Torture relief. We disagree. Romanenko, who was represented by counsel before the BIA, failed to raise a CAT claim before that tribunal and hence failed to exhaust his remedies. *See Vargas v. U.S. Dept. I.N.S.*, 831 F.2d 906, 907–08 (9th Cir.1987). Moreover, Romanenko could have sought to reopen his case before the IJ to assert his CAT claim, *see* 8 C.F.R. § 208.18(b)(2), but did not do so.

Romanenko next argues that the BIA erred in adopting the IJ's decision without opinion. This argument is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003). Moreover, there is no harm to Romanenko in the BIA's affirmance without opinion because, where the BIA does this, we review the IJ's decision as the final agency action. *Id.* at 848.

Finally, pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the temporary stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate. Romanenko will have three days after the

issuance of the mandate to depart voluntarily.

PETITION DENIED.