Rosenda ALCON–AILON, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 03–70259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 16, 2004.

Michele Radosevich, Davis Wright & Tremaine, Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Joan E. Smiley, Esq., Carl H. McIntyre, Jr., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, THOMPSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rosenda Alcon–Ailon ("Alcon") petitions for review of the Board of Immigration

---

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service ("INS") as the proper respondent. 8 U.S.C. § 1252(b)(3) (2000); Fed. R.App. P.

43(c)(2). The INS ceased to exist on March 1, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the

Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We grant the petition and remand to the BIA for a determination of whether Alcon was credible and whether she is eligible for the requested relief.

Alcon contends that the BIA erred in concluding that, even assuming she was credible, she had failed to establish that her kidnaping and rape by guerrillas was politically motivated. We agree.

Because motive is difficult to prove, an applicant does not have to provide direct evidence that her persecutors were motivated by one of the protected grounds. *Gafoor v. INS*, 231 F.3d 645, 651 (9th Cir.2000). Rather, "compelling circumstantial evidence is sufficient." *Id.* at 650. An applicant need only "produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground." *Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999) (en banc) (citation omitted).

Assuming Alcon was credible, her testimony compels the conclusion that she was persecuted at least in part because of her actual or imputed political opinion. According to Alcon's testimony, her and her family's Catholicism caused them to disapprove of the guerrillas. Her father and brothers served in a pro-government civil patrol and resisted attempts by the guerrillas to recruit them. Four of her brothers fled to the United States to escape the guerrillas.

When Alcon found guerrilla literature in her house, she confronted her "husband," Pablo Mendes, about it. The information revealed by the literature was that Mendes was a guerrilla.

After Alcon confronted Mendes and rebuffed his request to join the guerrillas, his guerrilla companions came to the house. The guerrillas told Alcon that they wanted her to join them to ensure that she did not reveal Mendes' identity to the authorities. When Alcon refused to go with them, they beat her, raped her, kidnaped her and, during the time they held her captive, they continued to insist that she join their cause.

The BIA's conclusion that the guerrillas' actions were not motivated by a protected ground is not supported by substantial evidence. If Alcon is credible, the evidence compels the conclusion that the guerillas persecuted her and pressured her to join them, at least in part, because they perceived her as being against them. Although Alcon raises the credibility issue in her petition, the BIA expressly refrained from reaching the issue in its decision. Accordingly, we remand to the BIA so that it can determine whether the IJ erred in determining that Alcon was not credible. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).[1]

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In her petition, Alcon also argues that the IJ violated her due process rights by hindering her ability to present certain expert witness testimony. We lack jurisdiction to assess this claim because Alcon did not raise it on appeal to the BIA. *See Vargas v. U.S. Dept. of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987). Simply characterizing a claim as a "due process" claim does not de-

feat the exhaustion requirement. Although constitutional claims generally are exempt from the exhaustion requirement, exhaustion is required where the petitioner's claim involves a procedural error that could have been corrected by the BIA. *Id.* at 908; *see also Cortez–Acosta v. INS*, 234 F.3d 476, 480 (9th Cir.2000). Alcon's "due process" claim is such a claim. Because Alcon failed to exhaust her administrative remedies with re-

Petition GRANTED; REMANDED to BIA.

spect to this claim, we lack jurisdiction to entertain it.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.