**Victor Pascual PUNSALAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71357.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2004.

Decided Aug. 23, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM *

Victor Pascual Punsalan ("Punsalan"), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1105a. We review for substantial evidence the IJ's conclusions that Punsalan firmly resettled in a third country, barring him from seeking asylum in the United States, *see Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999), and that Punsalan was not entitled to withholding of removal. *See Bellout v. Ashcroft*, 363 F.3d 975, 977–78 (9th Cir.2004); *see also* 8 U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. 1208.15.

■ Because Punsalan's testimony indicated that he lived undisturbed in a third country for a significant duration prior to applying for asylum in the United States, the government established a rebuttable presumption that he had firmly resettled elsewhere. *See Cheo v. INS*, 162 F.3d 1227, 1229–30 (9th Cir.1998). Punsalan did not rebut this presumption. *See* 8 C.F.R. 1208.15(a) or (b). He is therefore barred from seeking asylum in the United States.

■ Firm resettlement is not a bar to withholding of removal. *See Siong v. INS*, 376 F.3d 1030, 1040 (9th Cir.2004) ("[E]ven

Rae Halperin, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., U.S. Department of Justice, Donald A. Couvillon, Esq., Office of Immigration Litigation, Washington, DC, for Respondent.

if [petitioner] is not eligible for asylum . . . because he firmly resettled [in a third country], firm resettlement is not a bar to withholding of deportation."). To qualify for withholding, a petitioner must show that "it is more likely than not that he would be subject to persecution on one of the specified grounds[,]" should he be returned to his home country. *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (internal quotations omitted). A showing of past persecution entitles a petitioner to a presumption of eligibility for withholding, which the government can then rebut. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000). Because the IJ failed to consider whether Punsalan's credible testimony established past persecution entitling him to a presumption of eligibility for asylum, instead discounting evidence of Punsalan's potential past persecution as "historical data," we grant Punsalan's petition as to withholding of removal and remand to the IJ to conduct a proper withholding analysis.

We lack jurisdiction to consider Punsalan's request regarding "repapering" because he failed to raise this argument with the BIA. *See Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART, AND REMANDED.**