Rosen Alexandrov RUSEV; Galina
Yordanova Ruseva,
Petitioners,

v.

Alberto GONZALES,* Attorney
General, Respondent.

Nos. 03–73195.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2005.**

Decided Feb. 22, 2005.

Christopher J. Stender, Esq., Stender &
Associates, Phoenix, AZ, for Petitioners.

Ronald E. LeFevre, Chief Counsel, San
Francisco, CA; District Counsel, Office of
the District Chief Counsel, U.S. Depart-
ment of Homeland Security, Phoenix, AZ;
and Mark C. Walters, Esq., and Jennifer
L. Lightbody, Esq., DOJ—U.S. Depart-
ment of Justice, Civil Div./Office of Immi-
gration Lit., Washington, DC, for Respon-
dent.

Before: ALARCÓN, SILVERMAN, and
BEA, Circuit Judges.

MEMORANDUM ***

Rosen Alexandrov Rusev and Galina
Yordanova Ruseva, both natives and citi-

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

** This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the

zens of Bulgaria, petition for review of the Board of Immigration Appeal's ("BIA") August 13, 2003 final order of removal affirming without opinion the Immigration Judge's denial of Mr. Rusev's application for asylum and withholding of removal. Because the BIA streamlined and affirmed the IJ's decision without opinion, we review the decision of the IJ. *Lanza v. Ashcroft,* 389 F.3d 917, 924 (9th Cir.2004). Our review of the IJ's decision is for substantial evidence and we will grant relief only if the evidence compels such a result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part and deny in part Rusev's petition.

 Substantial evidence supports the IJ's conclusion that Rusev failed to establish past persecution or a well-founded fear of persecution on account of his political opinion. *See Elias–Zacarias v. INS,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ found that there is no objective basis for Rusev's professed fear of persecution nor any nexus to any of the five grounds necessary to establish eligibility for asylum. The record before us does not compel a contrary conclusion. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Rusev does not allege any past mistreatment by the Bulgarian government and his testimony fails to establish a well-founded fear of future persecution. Rusev testified that his greatest fear of returning to Bulgaria is being punished for "betraying" the Balkan Airlines. He submitted no evidence that Balkan Airlines or the Bulgarian government has any interest in him whatsoever, except perhaps for failing to report for required military service. Rusev testified, however, that he does not fear returning on account of his court-martial. But even if he did, fear of prosecution for refusing to be conscripted generally is insufficient. *See Padash v. INS,* 358 F.3d 1161, 1166–67 (9th Cir.2004).

 To the extent that Rusev now seeks asylum on the grounds of membership in a protected social group, he is raising this for the first time on review and we lack jurisdiction over the claim. "Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of his deportation order." *Vargas v. INS,* 831 F.2d 906, 907 (9th Cir.1987); *see also Ochave v. INS,* 254 F.3d 859, 867 n. 3 (9th Cir.2001) (concluding that claim of persecution on account of membership in a particular social group was not exhausted where asylum application claimed persecution on the basis of imputed political opinion). Exhaustion of administrative remedies is mandatory and jurisdictional. 8 U.S.C. § 1252(d)(1).

Finally, because Rusev failed to establish that it is more likely than not that he will be persecuted if he returns to Bulgaria, he failed to meet the standard for withholding of removal. *See Marcu v. INS,* 147 F.3d 1078, 1083 (9th Cir.1998).

**PETITION FOR REVIEW DISMISSED in part DENIED in part.**

**Ahmad Shah BAREKZAI, Petitioner,**

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.