**Maura De Fatima Almeida SILVA;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–71406.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 20, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Lissette Gomez, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Molly L. Debusschere, Esq., U.S. Dept of Justice, Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM **

Maura de Fatima Almeida Silva ("Silva") and her daughters Paula and Thais Almeida Silva, all natives and citizens of Brazil, petition for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") order denying Silva's applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review the agency's factual findings for substantial evidence, reversing such findings only if "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)

(emphasis in original); 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Silva testified that in November of 1996 her brother confessed to her that he had shot a woman to death, and that due to her religious and moral convictions, Silva encouraged her brother to turn himself into the police. According to her declaration, Silva told her brother that she would turn him in to the police if he did not. She testified that her brother then threatened her, warning her not to say anything. The BIA and IJ denied asylum because they determined that Silva failed to establish that the persecution she fears would be on account of a statutorily protected ground. The record does not compel a contrary result. *See, e.g., Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001) (affirming agency's denial of asylum for failing to show that persecution would be on account of statutorily protected ground).

We lack jurisdiction to review the IJ's order denying Silva withholding of removal and protection under the CAT because Silva failed to raise these issues before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Vargas v. U.S. Dept. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir. 1987).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.