**Karnail SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72861.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Howard S. Scher, Esq., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM **

Karnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny in part and dismiss in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ The IJ found Singh incredible based upon his lack of knowledge regarding his political party and its leader. Because this inconsistency goes to the heart of his asylum claim, regarding persecution by the Indian police on account of membership in the Shiromani Akali Dal party, substantial evidence supports the IJ's adverse credibility finding. *See id.* at 964.

Because Singh failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Singh failed to exhaust his CAT claim before the BIA, this court lacks jurisdiction to review it. *See Vargas v. U.S. Department of Immigration*, 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**