**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIRO OSWALDO ROCHE-MEJIA, | No. 10-73702 |
| Petitioner, | |
| v. | Agency No. A070-958-620 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Jairo Oswaldo Roche-Mejia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction to consider Roche-Mejia's contention that he established past persecution and fears future persecution on account of imputed political opinion because he did not raise it to the BIA. *See Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."). Roche-Mejia does not otherwise challenge the BIA's denial of asylum and withholding of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("Issues not raised and argued in the opening brief are deemed waived.").

We also lack jurisdiction to consider Roche-Mejia's contention regarding alleged due process violations relating to the hearing transcript because he failed to raise it to the BIA. *See Vargas*, 832 F.3d at 907-08.

Finally, with respect to Roche-Mejia's cancellation of removal claim, we lack jurisdiction to consider his challenge to the agency's hardship determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i)*; Figueroa v. Mukasey*, 543 F.3d 487, 494 (9th Cir. 2008) (this court lacks jurisdiction to review BIA's discretionary determination that an applicant for cancellation of removal failed to establish that his removal

would result in exceptional and extremely unusual hardship to U.S. citizen relatives).

**PETITION FOR REVIEW DISMISSED.**