**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRESOR DIRAISON TENE TEKOUNGA, AKA Tresor Diraison Tene Takounga, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-70131 <br><br> Agency No. A213-086-836 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2020[**]
Pasadena, California

Before: NGUYEN, HURWITZ, and FRIEDLAND, Circuit Judges.

Tresor Diraison Tene Takounga, a native and citizen of Cameroon, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

his appeal from an order of an Immigration Judge ("IJ") denying asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Tene Takounga claims that he was persecuted in Cameroon, and fears future persecution if removed, on account of his Anglophone identity and his political opinion in support of Anglophone teachers' grievances. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supported the IJ's adverse credibility finding. *See Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). Tene Takounga's statements were inconsistent with respect to the timing of his ankle injury. In a credible fear interview, Tene Takounga stated that his ankle was broken during his first arrest. He made a similar claim in a separate declaration. However, he testified before the IJ that he did not sustain any injuries during his first arrest and that his ankle was injured during his second arrest.

Further, a reasonable adjudicator would not be compelled to find that Tene Takounga's testimony was consistent with the affidavit of his friend. *See Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). Tene Takounga testified that he stayed with a friend in Bamenda, the location of the teachers' strike, for a period of approximately three months between December 2016 and February 2017, but the friend's affidavit stated that Tene Takounga visited "in the month of December 2016 precisely on December 18th."

2. The court lacks jurisdiction to consider the argument that the IJ did not allow Tene Takounga an opportunity to provide corroborating evidence because he

did not raise the argument to the BIA. *See Vargas v. U.S. Dep't of Immigration & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987).

3. In light of the IJ's adverse credibility finding, substantial evidence supported the IJ's conclusion that Tene Takounga was not likely to be tortured if removed. *See Almaghzar*, 457 F.3d at 922. Tene Takounga has not established that he was tortured in the past. Nor has he established a sufficient likelihood of torture in the future: despite his proffered evidence that Anglophones (especially in Anglophone regions) have reportedly faced arrest and cruel treatment, including torture, Tene Takounga has not established that he is sufficiently similarly situated to require the inference that he would face similar treatment, nor does he rebut the IJ's finding that he could safely return to the city of Douala, located within the predominantly French-speaking region of Littoral, where he grew up with his part-Anglophone family.

Further, the IJ and BIA did not "manifestly fail[]" to consider all evidence relevant to the CAT claim. To the contrary, the IJ cited the State Department's 2017 Human Rights Report for Cameroon and the BIA specifically noted that Tene Takounga had "not presented any independent evidence that he would more likely than not be tortured . . . upon his repatriation to Cameroon." The BIA need not discuss every piece of evidence submitted, and "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a 'general

3

statement that [the agency] considered all the evidence before [it]' may be sufficient." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (second alteration in original) (quoting *Almaghzar*, 457 F.3d at 922).

**PETITION FOR REVIEW DENIED.**