NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DE LA PAZ RIVAS-SARAVIA; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72710

Agency Nos.   A208-371-971
              A208-371-972
              A208-371-973

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
San Francisco, California

Before:  SILER,[***] W. FLETCHER, and M. SMITH, Circuit Judges.

Maria De La Paz Rivas-Saravia is a native of El Salvador.  She and her two

minor children journeyed to the United States in 2015, and the Department of

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Homeland Security soon initiated removal proceedings against them. After conceding removability, Rivas-Saravia applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] When an immigration judge ("IJ") rejected those applications, Rivas-Saravia appealed to the Board of Immigration of Appeals ("BIA"). The BIA adopted and affirmed the IJ's decision, added some reasoning of its own, and then dismissed the appeal. Rivas-Saravia now petitions this court for review. 8 U.S.C. § 1252. We review the decisions below for substantial evidence, *see Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014); *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012), and we now deny the petition.

1. The IJ and the BIA found Rivas-Saravia and her minor children ineligible for asylum because they failed to demonstrate a well-founded fear of persecution should they return to El Salvador. *See* 8 U.S.C. § 1101(a)(42) (to be eligible for asylum, an applicant must be unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"). Substantial evidence supports this finding. Even though Rivas-Saravia suffered

---

[1] Rivas-Saravia's minor children are derivate beneficiaries of her asylum application. Although the children submitted their own applications for asylum and withholding of removal, those applications relied exclusively on the facts and arguments raised in Rivas-Saravia's application and declaration.

persecution in the mid-1990s at the hands of her former partner—and even though past persecution creates a presumption "that a well-founded fear of future persecution exists," *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000) (citing 8 C.F.R.§ 208.13(b)(1)(i))—the government rebutted this presumption with two pieces of evidence. First, Rivas-Saravia voluntarily returned to El Salvador from 2011 until 2015, and, as we've previously explained, "an alien's history of willingly returning to his or her home country militates against a finding of . . . a well-founded fear of future persecution." *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). And second, there is no evidence that Rivas-Saravia's former partner has threatened or otherwise persecuted her since 2005, including when she was living in El Salvador. Taken together these considerations provide substantial evidence from which the BIA and IJ could find a fundamental change in circumstances. *See Navas*, 217 F.3d at 657.

To the extent Rivas-Saravia claims the IJ and BIA failed to consider the threat of persecution posed by her daughter's ex-husband, Mario Galindo, we lack jurisdiction to consider that argument. Rivas-Saravia never presented this argument to the BIA, and failure to raise an issue before the BIA "constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987).

2. For the same reasons, substantial evidence supports the denial of Rivas-Saravia's application for withholding of removal. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standing for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." (citation omitted)).

3. The IJ and the BIA also found Rivas-Saravia ineligible for protection under the CAT. Substantial evidence also supports this determination. Rivas-Saravia failed to show it is "more likely than not" she will suffer torture if she returns to El Salvador. 8 C.F.R. § 208.16(c)(2). Even if she had, she failed to demonstrate a Salvadorian public official would acquiesce in the torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) ("To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country.").

**PETITION DENIED.**