**Rattan Singh JOSAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71987.

Agency No. A76–841–837.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2005.*

Decided Jan. 27, 2005.

Patrick O. Cantor, Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, James E. Grimes, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, GOODWIN, and GRABER, Circuit Judges.

MEMORANDUM**

Rattan Singh Josan, a native of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's denial of his requests for asylum, withholding of deportation, and protection under the Convention Against Torture. The BIA dismissed the appeal, concluding that the petitioner does not have a well-founded fear of future persecution because country conditions in India have undergone significant change. We deny the petition.

The BIA properly made an individualized determination about changed country conditions. *See Ruano v. Ashcroft,* 301 F.3d 1155, 1161 (9th Cir.2002) (finding state department report inadequate to rebut presumption of well-founded fear because it "did not provide any evidence refuting the petitioner's claim on an individualized basis"); *see also Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003) ("[W]here the BIA rationally construes an ambiguous ... country report and provides an 'individualized analysis of how changed conditions will affect the specific petitioner's situation,' substantial evidence will support the agency determination.") (citation omitted).

Because substantial evidence supports the BIA's determination that the petitioner does not have a well-founded fear of persecution if he were to return to India, the BIA did not err by denying the petitioner's request for asylum. We similarly find no error in the BIA's decision to deny the

petitioner's requests for withholding of removal and relief under the Convention Against Torture. *See Khup v. Ashcroft,* 376 F.3d 898, 906–07 (9th Cir.2004) (stating that to qualify for relief under the Convention Against Torture, applicant must show it is more likely than not he will be tortured); *Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) (stating that a petitioner is entitled to withholding of deportation if the evidence demonstrates a clear probability that he would be persecuted were he to be deported to his home country).

Finally, we reject the petitioner's argument that the BIA erred by failing to grant asylum for humanitarian reasons due to the severity of his past persecution. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

The petition is DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.