Mnatsakan **BABAYAN; Gaiane Babayan; Tigran Babayan; Ofelia Babayan, Petitioners,**

v.

Alberto **GONZALES, Attorney General,\* Respondent.**

Nos. 03–71482.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.\*\*

Decided March 14, 2005.

Artem M. Sarian, Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*\*

Mnatsakan Babayan, his wife Gaiane, and their children, Tigran and Ofelia, (col-

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

lectively "the Petitioners") seek relief from the denial of their claims for asylum and withholding of removal by the Board of Immigration Appeals ("BIA"). The BIA affirmed the finding by the Immigration Judge ("IJ") that Babayan was not credible. The Petitioners argue that (1) the IJ and BIA erred in finding Babayan not credible; and (2) the IJ abused its discretion by refusing to grant a continuance to allow an unavailable witness to testify later.

One of the grounds the IJ relied on in making the adverse credibility finding was that there are various discrepancies in the record regarding Babayan's employment with and termination from the Apostolic Church in Armenia. The court must affirm a negative credibility finding if at least one of the articulated grounds is supported by substantial evidence and goes to the heart of the claims of persecution. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (citing *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003)). Here they do.

The record indicates that there are substantial inconsistencies between Babayan's testimony regarding his employment and the documents that he introduced with his application. While not the only basis for his asylum application, Babayan's claim that his employment was terminated because of his conversion to the Evangelical Church was offered to enhance his claim of persecution and relates to the basis of his alleged fear of persecution, and so goes to the heart of his asylum claim. Therefore, substantial evidence supports the IJ's and BIA's finding that Babayan was not credible.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Petitioners waived their claim that the IJ erred in not allowing the witness to testify by failing to raise that claim in their appeal to the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir.2004) (*citing Vargas v. U.S. Dep't of Imm. & Nat.*, 831 F.2d 906, 907–08 (9th Cir.1987)).

**PETITION DENIED.**