**Rosen Alexandrov RUSEV; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–70170, 05–73947.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Christopher J. Stender, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Mark C. Walters, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Rosen Alexandrov Rusev and Galina Yordanova Ruseva, natives and citizens of Bulgaria, petition for review of the Board of Immigration Appeals' ("BIA") orders denying their two motions to reopen, which were based on the alleged ineffective assistance of their prior counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The Rusevs concede that their motions were untimely as they were not filed within ninety days of the BIA's August 13, 2003 order. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in concluding the Rusevs are not entitled to equitable tolling of the ninety-day time limit because they failed to demonstrate they acted with due diligence after learning their prior counsel did not file a brief before the BIA. *See Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir.2003) (stating that the court recognizes equitable tolling of deadlines on motions to reopen when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error) (citations omitted).

We do not consider the Rusevs' allegation that they did not know until July, 2004 that no brief was submitted to the BIA in support of their appeal as they failed to raise this allegation before the BIA. *See Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

The Rusevs' second motion to reopen also exceeded the numerical limitations for motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

