**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VLADIMIR KHACHATRYAN, | No. 08-70198 |
| Petitioner, | Agency No. A075-640-213 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Vladimir Khachatryan, a native and citizen of Armenia, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from the Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("CAT"). Khachatryan claims he suffered past persecution on account of his religious affiliation and also feared future persecution as a member of a particular social group.

Under our case law, unless the IJ makes an explicit adverse credibility finding, an applicant's testimony must be accepted as true. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). Here, because the IJ made no express adverse credibility finding and the BIA did not address credibility, Khachatryan's credible and uncontroverted testimony as to his attacker's motivation compels the conclusion that he established the requisite nexus to be eligible for asylum on the basis of past persecution. *See Antonyan v. Holder*, 642 F.3d 1250, 1254 (9th Cir. 2011). We remand to allow the BIA to consider in the first instance the issue of future persecution on account of membership in a religious group.

Neither the BIA nor the IJ considered Khachatryan's claim of asylum on the basis of his membership in a particular social group. This claim is properly exhausted because Khachatryan specifically raised it in both appeals to the BIA. *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987). We remand to allow the BIA to consider the issue in the first instance. *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).

We **GRANT** the petition for review and **REMAND** to the BIA for further proceedings consistent with this disposition.