**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANPREET SINGH, | No. 10-71835 |
| Petitioner, | Agency No. A098-816-294 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Manpreet Singh, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of his application for asylum as untimely. Because the parties

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We dismiss in part and deny in part the petition for review.

We first address Singh's argument that materially changed circumstances affecting his eligibility for asylum excuse his untimely application. *See* 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 1208.4(a)(4)(i). The BIA did not err in concluding that Singh failed to establish materially changed circumstances affecting his eligibility for asylum to excuse his untimely application. First, the BIA properly concluded that Singh's motion to reopen was timely, and thus correctly did not address whether Singh established changed country conditions when it granted that motion. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c). Second, Singh failed to raise before the BIA the issue that the IJ's determination that there were no changed country conditions was inconsistent with the IJ's grant of withholding of removal. Therefore, Singh failed to exhaust this issue and we lack jurisdiction to hear it. *Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987); *see also* 8 U.S.C. § 1252(d). Finally, the BIA did not err in concluding that Singh failed to establish changed circumstances because, prior to 2005, Singh's father was already widely known as a Sikh activist,

the Indian police's search for Singh had already crossed state lines, and police were targeting members of Singh's family.

We next turn to Singh's argument that the undisputed facts compel the conclusion that extraordinary circumstances excuse his failure to timely file his asylum application. *See* 8 U.S.C. § 1158(a)(2)(D). The BIA did not err in construing Singh's challenge to the IJ's ruling on extraordinary circumstances as a motion to reconsider the BIA's 2007 decision because Singh raised arguments which the BIA had previously addressed in 2007. Construing Singh's challenge as a motion to reconsider, the BIA did not abuse its discretion in declining to address his arguments because he failed to point to any factual or legal error in the BIA's 2007 decision concerning extraordinary circumstances. *See* 8 U.S.C. § 1229a(c)(6)(C); *Iturribarria v. I.N.S.*, 321 F.3d 889, 895 (9th Cir. 2003); *see also Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc). Additionally, Singh failed to exhaust the issue that the BIA had previously misconstrued the standard relating to extraordinary circumstances in 2007 because Singh did not raise this argument before the BIA in 2009. We thus lack jurisdiction over this claim. *See Vargas*, 831 F.2d at 907–08.

Finally, even assuming this issue is properly before us, substantial evidence supports the IJ's extraordinary circumstances determination that Singh was capable

3

of filing a timely asylum application. *See Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (per curiam). The record clearly demonstrates that despite Singh's expert witness's conclusion that Singh was "unable to plan for his future, provide for his basic needs, or engage with others on an emotional or intellectual level," he was able to work and travel both within and outside of India after the police began targeting him.

**PETITION DISMISSED IN PART AND DENIED IN PART.**