**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WENJING YU, | No. 15-70910 |
| Petitioner, | Agency No. A099-444-283 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2018**
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner Wenjing Yu, a native and citizen of China who alleges

persecution on account of her religion, seeks review of a final order of removal

issued by the Board of Immigration Appeals ("BIA"). The BIA dismissed

Petitioner's appeal of an immigration judge's decision denying her applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the adverse credibility finding. See Abebe v. Gonzales, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (explaining substantial evidence standard); 8 U.S.C. § 1252(b)(4)(B) (providing that, for the court to overturn a factual finding, the record must compel a contrary conclusion). For example, Petitioner introduced a fraudulent identification card; the identification card and the household registration card contradicted each other concerning the date when Petitioner began to live at a particular address (1994 versus 1996); and Petitioner testified falsely that she lived in California, even though she had been living in Nevada when she testified about living in California. Those are permissible grounds to disbelieve Petitioner, and we are not compelled to credit her testimony as true. In view of the adverse credibility finding, the BIA permissibly ruled that Petitioner's claims for asylum and withholding of removal fail.

2. With respect to Petitioner's CAT claim, the BIA permissibly concluded that the record evidence other than Petitioner's disbelieved testimony was insufficient to carry Petitioner's burden of proof. The country condition evidence

does not compel a conclusion that Petitioner would be detained and tortured if she practiced her religion upon returning to China.

3. Finally, we decline to consider Petitioner's due process claim concerning the report about the authenticity of her identification card. Petitioner expressly withdrew her objection to the report at the agency level, and exhaustion of a claim is mandatory and jurisdictional. Vargas v. INS, 831 F.2d 906, 907–08 (9th Cir. 1987).

**Petition DENIED.**